Shaffer *v.* Johnson et al., Appellants.

Argued January 16, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*F. Joseph Thomas,* for appellants.

*Gerald D. Prather,* with him *John I. Kent,* for appellee.

OPINION BY MR. JUSTICE BARNES, March 22, 1939:

This proceeding by mandamus was instituted by a school teacher to compel the directors of a school district to deliver to her a contract of employment under the Teachers' Tenure Act of 1937.[1]

Belle Shaffer, the petitioner for the writ, is the holder of a certificate issued in 1923, by the Department of Public Instruction of the Commonwealth, certifying that she is a qualified public school teacher. The defendants are members of and constitute the Board of Directors of the School District of West Mead Township, Crawford County. The petitioner had been employed by the defendants as a teacher in their district since 1933. On February 6, 1937, she became seriously ill, which prevented the performance of her duties during the remainder of the school term ending upon May 13, 1937. During her illness the Board provided a substitute teacher. The petitioner, however, did not at any time resign her position or indicate an intention to discontinue teaching.

At the time she was taken ill the contract under which she was employed by defendants was dated April 6, 1935, for teaching during the school year of 1935-1936. This contract provided that it should continue in force year after year, unless terminated by either party at the end of any term by sixty days' written notice.

---

[1] See Teachers' Tenure Act of April 6, 1937, P. L. 213, amending the School Code of May 18, 1911, P. L. 309.

On February 27, 1937, the Board by letter advised the petitioner that her contract with the School District "would be discontinued at the end of the present term," which occurred on May 13, 1937. Notwithstanding this notice, the petitioner received further notice from the Board requesting her to attend its meeting of August 6, 1937, and to bring with her, if she desired to continue teaching, a doctor's certificate showing that physically she was able to perform her duties. The petitioner was ill on that day and could not attend the meeting. However, on September 4, 1937, she called upon the Secretary of the Board and exhibited to him a doctor's certificate to the effect that she was in good health, but was informed by him that arrangements had been made to obtain a teacher in her place for the ensuing term, which began on September 8, 1937. On September 11, 1937, the Board by formal action voted to refuse to enter into a contract with petitioner.

The present petition was filed on November 1, 1937, to require defendants to show cause why they should not deliver a contract to petitioner for the school year 1937-1938. The defendants filed their return to the alternative writ, and after testimony was taken, the court below entered an order directing that a peremptory writ of mandamus issue requiring the defendants "to enter into a written contract of employment with the petitioner for the school year 1937-1938, as of May 6, 1937." The School Directors appealed from this order.

The petitioner contends that even though she was temporarily unable to teach because of illness, she was nevertheless a professional employee of the Board upon April 6, 1937, the effective date of the Teachers' Tenure Act, and entitled to the full benefit and protection of its provisions, including the right to receive a teaching contract.

It is apparent therefore that the case turns on the question whether petitioner was a "professional em-

ployee"[2] of the Board upon the date the Act became effective. If she was, then the action taken by the defendants on September 11, 1937, refusing to issue to her an employment contract, was in violation of the Act.[3]

In the recent decision of this Court in the *Teachers' Tenure Act Cases*, 329 Pa. 213, we held that unless a teacher's employment contract was terminated prior to the effective date of the Act, it was the duty of the school directors to submit an employment contract to the teacher; that a teacher who had received a notice of termination of contract prior to the effective date of the Act, to become operative subsequently thereto, is within its protection. Speaking for the Court, Mr. Chief Justice KEPHART said (p. 233): "The teachers named by the Act to receive new contracts are those who were at the time of its enactment 'now employed.' The Act also prevents the termination of contracts then 'in effect' except in accordance with its provisions. It does not compel the school board to restore to employment any teacher whose contract had been terminated prior to its adoption. Appellees were not in that position. They had received notice that their contract *would be terminated* at the end of the school year, but this did not immediately sever their contractual relationship with the school district."

This decision is determinative of the status of petitioner in the present case. Prior to the effective date of the Act she had received a notice of the termination of

---

[2] The Act provides in part as follows (Section 1201): "The term 'professional employee,' as used in this Act, shall include teachers, . . . and any regular full-time employee of a school district who is duly certified as a teacher."

[3] The provision of the Act in this connection reads in part as follows (Section 1205): "Each board of school directors or board of public education in all school districts . . . in this commonwealth shall, within thirty days after the effective date of this act, enter into contract, in writing, with all . . . professional employees now employed by them."

her contract to become effective after April 6, 1937. Defendants' letter of February 27, 1937, recognized its existence until "the end of the present term," to wit, May 13, 1937. The contention that the contract was not in force on April 6, 1937, because, due to illness, she was not actually performing services thereunder at that time is without merit.

We therefore conclude that as the Board did not elect to terminate petitioner's contract prior to the effective date of the Act, the court below properly directed the peremptory writ of mandamus to issue to enforce compliance with the provisions of the statute.

Order affirmed.