Bragg, Appellant, *v.* Swarthmore School
District et al.

Argued January 16, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Henry Gouley,* with him *Abraham Koppelman,* for appellant.

*Claude C. Smith,* with him *Harold L. Ervin* and *Duane, Morris & Heckscher,* for appellees.

*Theodore O. Spaulding,* for interested party under Rule 61.

OPINION BY MR. JUSTICE DREW, February 1, 1940:

Complainant, Nona Royster Bragg, was granted a writ of alternative mandamus, directing the School District of Swarthmore and its Directors to renew her contract as a teacher, or to show cause why it should not be done. Respondents moved to quash the writ upon the ground that complainant "had an adequate and specific remedy at law." This appeal is from the order of the lower court quashing the writ and dismissing the petition.

It is fundamental that a motion to quash an alternative writ of mandamus is the equivalent of a demurrer, in that it admits all the well pleaded allegations of the writ. On such a record the sole question for decision is whether the averments, when liberally construed and taken as true, constitute a basis for granting the relief sought. In passing upon the sufficiency of the writ, matters not stated therein, but contained solely in the motion to quash or in respondent's brief, may not be considered.

After a careful study of the averments of this writ, we are all of the opinion that it should issue, and that the order to quash was improvidently made. It is set forth in the writ that complainant has been continuously employed by the School District of Swarthmore since May 10, 1933; that pursuant to the requirements of the Teachers' Tenure Act of April 6, 1937, P. L. 213, she received a contract in the statutory form; that she taught grades one to six inclusive in a room known as the "Union Room", and that on March 13, 1939, the Board adopted a resolution suspending her, effective as of June 22, 1939, the end of the school term. It is averred that the reason advanced for her suspension was that her services were no longer necessary owing to the proposed elimination of the "Union Room", made possible by distributing the students in various other classes without exceeding the maximum load per employee, and because of a substantial decrease of student population in the room. After a hearing, which plaintiff attended with counsel, she was notified that on July 10, 1939, a resolution had been passed abandoning the "Union Room" and terminating her employment, since it "was in the best interests of the School District to give a more economical, efficient, productive and better education to all of its school children . . ."

The appellant's contract assured her a permanent position, unless her employment was suspended or terminated in accordance with the provisions of the Tenure

Act, as amended: See *Smith v. Philadelphia School District,* 334 Pa. 197, 205. The contract is expressly made subject to the School Code of May 18, 1911, P. L. 309, and the amendments thereto. In *Teachers' Tenure Act Cases,* 329 Pa. 213, 229, Mr. Chief Justice KEPHART pointed out that the language of this clause "is broad enough to include future amendments as well as those existing at the time the contracts were entered into, and it indicates the intention of. the parties to submit their relationship to legislative change." Such a change in the relationship was actually accomplished by the Act of June 20, 1939, P. L. 482, which took effect prior to the date set for appellant's suspension, and at a time when her contract was in full force. Consequently, the Act of 1939 was automatically incorporated into the contract then existing between her and the School District,. and it is to its provisions that we must turn, in deciding the present controversy: See *Teachers' Tenure Act Cases,* supra, 237-239; *Colyer v. Granville Township School District,* 331 Pa. 435; *Willoughby v. Bacon,* 331 Pa. 437; *Shaffer v. Johnson,* 335 Pa. 31.

The Act of 1939 enumerates the valid causes for suspension to .be: "(1) Substantial decrease in pupil enrollment in the school district; (2) Curtailment or alteration of the educational program on recommendation- of the superintendent, concurred in by the board of school directors . . ., approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction; (3) Consolidation of schools . . ." The pleadings admit that there was no substantial decrease in pupil population in the District. Likewise, no consolidation of schools is involved in this case. Although the resolution suspending appellant, states that there has been a substantial decrease of enrollment, "in said department or room", nevertheless, it did not conform

to clause (2), supra, for the reason that the attempted alteration of the District's educational program was not done upon recommendation of the superintendent, nor with the approval of the Department of Public Instruction. The attempt to suspend complainant was unlawful, since it was not prompted by any one of the causes specified in the Act. Furthermore, it is averred that four teachers of the same status as appellant were appointed subsequently to her and are still under contract with the District. Her alleged suspension, therefore, completely disregarded the seniority rights guaranteed her by the Act of 1939.*

The Board's attempt to terminate appellant's contract by its resolution of July 10, 1939, was equally ineffective for failure to comply with the requirements of the Act of 1939 with respect to dismissal. No charges were ever preferred against the appellant. The Act of 1939 specifically deprived school districts of the power, which they formerly possessed under the Tenure Act, to terminate contracts because of a substantial decrease in the number of pupils due to natural causes. Our decision in *Jones v. Holes*, 334 Pa. 538, 543, wherein we stated that under certain circumstances decrease in enrollment in a course is just basis for dismissal, rested upon the express language of the Tenure Act. By the Act of 1939, however, unless the school district's complaint is grounded upon misconduct or inefficiency, the employee may not be discharged. Suspension alone is possible, and that must be done in conformity with the restrictions imposed by the Act.

In the resolution dismissing appellant, none of the statutory grounds were mentioned as the reason for terminating her contract. Instead, the Board loosely

---

* In section 2(b) it is provided: "That in cases in which suspensions are to be made during the school term immediately following the effective date of this act, professional employes shall be retained on the basis of seniority rights."

characterized the move as being "economical, efficient, productive . . ." This amounts to saying that whenever the Board deems a teacher unnecessary for any reason whatever, the contract may be successfully terminated. In *Langan v. Pittston School District*, 335 Pa. 395, 399, we answered such a contention by saying: "This, of course, was not the intention of the Act; it is directly opposed to it. The purpose of the Tenure Act, reiterated often in our opinions, was 'the maintenance of an adequate and competent teaching staff, *free from political and personal arbitrary interference*, whereby capable and competent teachers might feel secure, and more efficiently perform their duty of instruction.' "

The elementary grade teacher position in the "Union Room" did not involve any particular department or course of study. Its curriculum was that of the regular elementary classes in the School District. Its elimination did not even amount to the abolition of a department or course, and appellant's suspension or dismissal was without justification: *Jones v. Kulpmont Borough School District*, 333 Pa. 581, 583.

The Board has no discretion as to whether it will comply with the clear provisions of the Act of 1939. Since it attempted to suspend and later dismiss appellant in direct contravention of the Act and for causes not sanctioned thereby, its action was without statutory authority. It follows that appellant's resort to "action by alternative mandamus was proper to enforce the statutory duty imposed upon the school board which in the absence of proper grounds for noncompliance, was mandatory": *Langan v. Pittston School District*, supra, 400.

Order reversed; and the motion to quash the alternative writ of mandamus is here dismissed.