Fred J. Penzenstadler, Appellant *v.* Avonworth School District, Appellee.

572

Argued May 10, 1979, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Ronald N. Watzman,* for appellant.

*John F. Meck,* with him *William McC. Houston,* and *Houston, Houston & Donnelly,* for appellee.

OPINION BY JUDGE WILKINSON, JR., June 27, 1979:

This is an appeal from an order of the Court of Common Pleas of Allegheny County which sustained the suspension of appellant, a tenured professional

employee, by the Avonworth School District (appellee) pursuant to Sections 1124 and 1125 of the Public School Code of 1949 (Code).[1] We affirm.

Following approval by the Department of Education (Department),[2] the Board of School Directors (Board) on June 23, 1976 adopted a resolution approving the elimination of five elementary teaching positions due to declining enrollments and also curtailment of the secondary education program, including the elimination of German, due to a substantial decline in course enrollment. Appellant, who was certified to teach only German at the time of the recommended curtailment, was thus subject to suspension pursuant to Sections 1124 and 1125 of the Code; however, the Board deferred action on this suspension until July 12, 1976 because the appellant had advised appellee's Superintendent that he expected to obtain additional certification in English.[3] On July 12, 1976 the Board suspended appellant upon the recommenda-

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§11-1124, 11-1125.

[2] Appellant argues in his brief that this approval was never given. A review of the correspondence between the Superintendent and the Department, however, amply demonstrates approval was requested and given.

[3] This portion of the resolution reads as follows:

Fred J. Penzenstadler, teacher of German, presently holds a certificate to teach only that subject and his suspension would be in order in view of the action of the Board of School Directors in discontinuing German as a foreign language offering. Mr. Penzenstadler, however, has advised the Supertintendent that he is hopeful of obtaining certification in Language Communications, which could affect materially the disposition of his employment. In view of the uncertainty as to his certification status, it is recommended the action on his suspension be deferred until the meeting of the Board of School Directors on July 12, 1976, by which time it is imperative that a decision be made by the Board of School Directors in order to complete properly the scheduling for the coming school year in both the junior

tion of the Superintendent that no notice of a change in certification had been received. Appellant then filed a timely request for a hearing and following this Court's decision in *Fatscher v. Board of School Directors, Springfield School District,* 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977), a hearing was held on April 21, 1977 pursuant to the Local Agency Law.[4]

At the hearing, appellant testified that he had completed all of the course work for those courses required for his certification in English on June 9, 1976; that his faculty advisor had endorsed his application for certification on June 10 and so informed appellee's Superintendent; and that he had received a letter from the University of Pittsburgh stating that his application had been endorsed and forwarded to the Department on July 7. The appellant further testified that he had been advised by the Superintendent to go to Harrisburg to personally obtain his certification from the Department, but that he (appellant) "didn't feel it was necessary." The appellant received his certification in English from the Department indicating an issuance date of "7/76" by mail on August 17, 1976.

Appellant first contends there was insufficient evidence submitted at the hearing to justify the Board's finding that enrollments in German had substantially declined. The statutory authority to suspend professional employees is found in Section 1124 of the Code which provides in relevant part:

> Any board of school directors may suspend the necessary number of professional employes, for any of the causes hereinafter enumerated:

---

high school and the senior high school; to notify the staff thereof as required by contract; and to provide reassigned staff members, if any, an opportunity to prepare for the new duties to which they may be assigned.

[4] Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq.

. . . .
(2) Curtailment or alteration of the educational program on recommendation of the superintendent, . . . approved by the Department . . . as a result of substantial decline in class or course enrollments. . . .

As with suspensions due to a decline in pupil enrollment in the school district as a whole, *see* Section 1124(1), whether or not a decline in class enrollments necessitates a curtailment of the educational program "is an area in which school boards must exercise discretion and board action will not be disturbed absent a showing that such discretion was abused, or that the action was arbitrary, based on a misconception of law or ignorance of facts." *Phillippi v. School District of Springfield Township*, 28 Pa. Commonwealth Ct. 185, 190, 367 A.2d 1133, 1137 (1977). Appellant's basic contention in regard to the evidence is that statistics show the same number of students (46) were enrolled in 1970 when German was first offered as in 1976 when German was eliminated from the program. Such a statistic belies the problem and the record. First, the evidence as a whole indicates the Board was attempting to deal with a dual problem, the decline in pupil enrollment generally and in particular an overall decline in the percentage of students enrolled in all language courses.[5] Further, the evidence indicates there was a substantial decline in students enrolling in first year German, *i.e.*, from 46 in 1970 to 16 in 1976. Given such evidence we cannot say as a matter of law that this was not evidence of a substantial decline in class or course enrollments.

---

[5] Prior to the suspension, the foreign language program consisted of four years of Latin, four years of French, three years of Spanish and four years of German. In 1970, 49.2 percent of students in grades nine through twelve were enrolled in a foreign language class compared to 31.7 percent in 1975.

Appellant next argues that because only four of the nine school board members attended the hearing at which evidence was presented appellee violated Section 422 of the Code, 24 P.S. §4-422, which provides that no business shall be transacted at a meeting of less than a majority of the members of the board of school directors. In *Boehm v. Board of Education,* 30 Pa. Commonwealth Ct. 468, 471, n. 4, 373 A.2d 1372, 1374, n. 4, (1977), this Court expressly reserved the question of whether a school board may receive evidence in this type of case with less than a majority of members present. However, in *Acitelli v. Westmont Hilltop School District,* 15 Pa. Commonwealth Ct. 214, 222, 325 A.2d 490, 494-95 (1974), this Court held:

> Neither due process nor the applicable statutes impel those who finally vote on the status of a teacher to have had direct aural reception of all the evidence. Absent evidence to the contrary, the recording of the Board members' votes indicates that they gave full consideration to the testimony presented. (Citation omitted.)

As previously noted Section 422 of the Code merely provides that no business shall be transacted absent a quorum defined as a majority of the board members. While it is true that only four of the nine members of the Board were present at the hearing, the references to the notes of testimony in the findings of fact adopted unanimously by the Board indicates that the Board gave full consideration to the testimony presented at the hearing.

Finally, appellant contends that he was entitled to certification in English at the time of his suspension because he had completed all the course work for certification and thus his suspension was improper under the rule in *Welsko v. Foster Township School*

*District,* 383 Pa. 390, 119 A.2d 43 (1956) since he had more seniority than English teachers retained at the time of his suspension. For this proposition appellant relies on our decision in *Department of Education v. Great Valley School District,* 23 Pa. Commonwealth Ct. 423, 352 A.2d 252 (1976) where this Court held that a teacher who had completed all necessary requirements for a provisional teaching certificate, but through no fault of her own a certificate was not issued until several months later, could properly be considered by the *Secretary of Education* to have reached such status at the time the certificate should have been issued.

We do not find our decision in *Great Valley, supra,* controlling. First, there is no evidence in the record of this case that delay in the Department of Education caused a delay in appellant being issued and receiving his certificate; second, our review in *Great Valley* was from an order of the Secretary of Education who is statutorily vested with the authority to issue certificates under standards established by the State Board of Education, *see* Section 1201 of the Code, 24 P.S. §12-1201. We are not persuaded by appellant's contention that the Board should have constructively recognized or anticipated the receipt of additional certification at the time of suspension. Rather, we believe the Board was required to rely on appellant's record of certification as provided by the Superintendent at the time of suspension. *See* Section 1212 of the Code, 24 P.S. §12-1212. We hold that a school board is entitled to rely on the provisions of Section 1212 of the Code in determining the suspension status of its professional employees. Indeed, without some date certain for the school board to determine this status the Board would have been unable to meet the mandate of *Welsko, supra,* and at the same time continue the business of educating students.

Having determined that appellant was properly suspended in accordance with the Code, we need not consider appellant's argument concerning back pay following the suspension.

Accordingly, we will enter the following

ORDER

AND Now, June 27, 1979, the order of the Court of Common Pleas of Allegheny County, at SA No. 946 of 1977, dated April 26, 1978, is hereby affirmed.