Rona C. Pookman, Frank G. Eisenreich and Janis M. Muraca, Appellants v. School District of the Township of Upper St. Clair, Appellee.

Argued October 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Stephen H. Jordan,* with him *Louis B. Kushner* and *Ronald G. Backer, Rothman, Gordon, Foreman & Groudine,* for appellants.

*Richard DiSalle,* with him *Samuel L. Douglass* and *Kim D. Eaton, Rose, Schmidt, Dixon & Hasley,* for appellee.

OPINION BY JUDGE DOYLE, January 26, 1984:

This is an appeal by Rona C. Pookman, Frank G. Eisenreich, and Janis M. Muraca (Appellants) from an order of the Court of Common Pleas of Allegheny County which affirmed an action of the Upper St. Clair Board of School Directors (Board). For the reasons which follow, we reverse.

Because of a significant decline in enrollment in the Upper St. Clair School District, the Board, (dur-

ing the 1980-81 school year) determined that several teaching positions should be eliminated beginning with the 1981-82 school year. As a result, the Board directed that the employment contracts of a number of teachers, including Appellants, would not be renewed for the 1981-82 school year. The Appellants were so notified on or about May 1, 1981.

Each of the three teacher Appellants was hired in August of 1979 as a non-tenured temporary professional employee and began work in the 1979-1980 school year. Each teacher taught through the 1979-80 and 1980-81 school years without receiving an unsatisfactory rating. Temporary professional employees who complete two years of service without receiving an unsatisfactory rating achieve status as tenured professional employees by operation of law. Section 1108 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1108;[1] *see also Department of Education v. Jersey Shore Area School District*, 481 Pa. 356, 392 A.2d 1331 (1978). In the decision not to renew Appellants' contracts for the 1981-82 school year, the Board treated them as non-tenured temporary employees, not as tenured professionals entitled to considerations of seniority. Had the Board considered Appellants among other tenured professionals within the District, other teachers would

---

[1] Section 1108 provides, in pertinent part:

(b) A temporary professional employe whose work has been certified by the district superintendent to the secretary of the school district, during the last four (4) months of the second year of such service, as being satisfactory shall thereafter be a "professional employe" within the meaning of this article.

This provision has been interpreted to confer tenured professional status after completion of two years teaching without receiving an unsatisfactory rating. *Department of Education v. Jersey Shore Area School District*, 481 Pa. 356, 392 A.2d 1331 (1978).

have been suspended and Appellants' contracts would have been renewed.

The fundamental issue in this case is whether Appellants should have been considered tenured professionals or non-tenured temporary professionals in the decision to eliminate teaching positions beginning in the 1981-82 school year. The Board argues that because at the time of its decision, April of 1981, Appellants' status was that of non-tenured temporary professional employees, that status was controlling. Appellants urge that since the decision was not effective until *after* each had completed two years of satisfactory teaching, and thereby achieved tenured professional status, that status was controlling. We believe a teacher's status at the time a furlough decision is to take effect is controlling.

The Board argues that it must be free to plan in advance for future reductions in faculty and it has no way of knowing at the time it is planning whether temporary teachers who have not received any unsatisfactory ratings will continue to do so. It would thus be unfair, it is argued to decide to furlough a tenured teacher in favor of one who *might* not achieve tenured status. We recognize that school boards must plan in advance, but disagree that planning considerations compel the result the Board seeks here. Teachers who have successfully completed one school year without an unsatisfactory rating and are well into a second year without an unsatisfactory rating are quite likely to complete that second year satisfactorily and achieve tenured status. The likelihood that some other tenured teacher will be treated unfairly is therefore remote. In addition, we point out that should the unforeseen occur, the Board may easily alter its plans; in planning with anticipation that satisfactory temporaries will achieve tenure, the Board would not *in fact* be conferring tenured status early, but would

be free to deny tenure if an unsatisfactory rating were received.

The mere notice, before tenure is achieved, of intent to furlough a teacher at some time after tenure is achieved cannot be permitted to prevent the automatic vesting of tenure under the provisions of the School Code  If a proposed furlough is to take effect at some time after a temporary professional employee would achieve automatic tenure under the Code, the decision to furlough must anticipate that achievement and the Board must plan its faculty reduction accordingly.

We are in agreement, however, with the Board's concern for the efficient functioning of the school system during the school year, and with the strong policy against disrupting in mid-year the important task of the education of our children.  Consequently, we will order no change in the faculty positions within the District during the current 1983-84 school year. For the following year, and for all subsequent school years, however, the Appellants are to be considered tenured professional employees within the District as of the end of the 1980-81 school year and are to be afforded all appropriate seniority rights in the determination of all future faculty assignments.

ORDER

Now, January 26, 1984, the order of the Court of Common Pleas of Allegheny County in the above referenced matter, dated September 20, 1982, is hereby reversed.  The Upper St. Clair Board of School Directors is directed to consider Appellants as tenured professionals with appropriate seniority rights and to effect furloughs for the 1984-85 school year and subsequent school years in a manner consistent with this opinion.  Jurisdiction is relinquished.