483 A.2d 1371

**Rona C. POOKMAN, Frank G. Eisenreich, and Janis M. Muraca, Appellees,**

**v.**

**SCHOOL DISTRICT OF the TOWNSHIP OF UPPER ST. CLAIR, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 12, 1984.

Decided Nov. 20, 1984.

Reargument Denied Jan. 29, 1985.

Richard DiSalle, Samuel L. Douglass, Templeton Smith, Jr., Rose, Schmidt, Dixon & Hasley, Pittsburgh, for appellant.

Louis B. Kushner, Stephen H. Jordan, Ronald G. Backer, Rothman, Gordon, Foreman & Groudine, P.A., Pittsburgh, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issue presented by this case is whether certain teacher employees (appellees) were tenured or non-tenured in relation to the Upper St. Clair school district's (appellant's) decision not to renew these teacher employees' contracts.

Appellees, Rona Pookman, Frank Eisenreich and Janis Muraca, were hired by the Upper St. Clair school district in August, 1979. During appellees' second year of teaching, on April 30, 1981, the district decided not to renew their contracts, due to a significant decline in student enrollment in the district.[1] The district's decision was to take effect on June 12, 1981, which was to be the last day of appellees' contracts for that year.

■ Unlike non-tenured employees, tenured employees are entitled to considerations of seniority.[2] It is not disputed that on the date that the school district's decision was made, appellees were not tenured. Appellees argue, however, that since, under the School Code, a teacher who has two years of service and has not been rated unsatisfactory automatically receives tenure, and, since the district's decision was not to take effect until the last day of their second

1. A school board is authorized to furlough the necessary number of employees when there is a substantial decrease in pupil enrollment in the district. 24 P.S. § 11–1124(1).

2. *Phillippi v. School District of Springfield Township*, 28 Pa.Commw. 185, 367 A.2d 1133 (1977).

year of service, they should be considered tenured employees. Thus, appellees conclude, they should have retained their teaching positions and other employees (who had less seniority but who were tenured because of their service in another school district) should have been furloughed instead.

After a hearing before the Upper St. Clair school board, the board affirmed the district's non-renewal decision. On appeal, the Court of Common Pleas of Allegheny County also affirmed. The Commonwealth Court reversed, however, holding that appellees were tenured employees when the district's decision took effect. *Pookman v. School District of the Township of Upper St. Clair*, 80 Pa. Commw. 14, 470 A.2d 1110 (1984). We granted the school district's petition for allowance of appeal, and we now reverse.

 The standard of review in this case is defined by local agency law. Section 754(b) of the Code of Administrative Procedure provides, in pertinent part:

(b) [A reviewing] court shall affirm the adjudication [of a local agency] unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.

2 Pa.C.S.A. § 754(b). Applying this standard to the instant case, we note that appellees do not claim that their constitutional rights were violated, nor do they complain about any of the school board's hearing procedures. Furthermore, the facts of the case are not in dispute. Our task, therefore, is to simply determine whether the board committed an error of law and, if so, to correct that error. *Pease v. Millcreek Township School District*, 412 Pa. 378, 195 A.2d 104 (1963).

The acquisition of tenure by the employees of our public schools is governed by the Public School Code, 24 P.S.

§ 1–101, *et seq.*, and the issue of whether appellees were tenured or non-tenured in relation to the school district's nonrenewal decision is solely a matter of statutory construction.

, The provisions relating to the acquisition of tenure are set out in Section 1108 of the Code, which provides, in pertinent part:

### § 11–1108. [Non-tenured employees]

(a) It shall be the duty of the district superintendent to notify each [non-tenured employee], at least twice each year during the period of his or her employment, of the professional quality, professional progress, and rating of his or her services. No [non-tenured employee] shall be dismissed unless rated unsatisfactory, ...

(b) A [non-tenured employee] whose work has been certified by the district superintendent to the secretary of the school district, *during the last four (4) months of the second year of such service,* as being satisfactory shall *thereafter* be a [tenured employee] .... The employe shall *then be tendered forthwith a regular contract of employment* as provided for [tenured employees] ....

(c) Any [non-tenured employee] who is not tendered a regular contract of employment *at the end of two years of service,* rendered as herein provided, shall be given a written statement signed by the president and secretary of the board of school directors and setting forth explicitly the reason for such refusal.[3]

24 P.S. § 11–1108 (emphasis added).

■ Giving effect to all of these provisions, as we must under the Statutory Construction Act of 1972, 1 Pa.C.S.A.

---

3. The language used by the Code is actually "temporary professional employe" and "professional employe", rather than non-tenured employee and tenured employee, respectively. Section 1108(d) makes it clear, however, that the only thing distinguishing temporary professional employees from professional employees is tenure. 24 P.S. § 11–1108(d) provides that "[t]emporary professional employes shall *for all purposes except tenure status* be viewed in law as full-time employes, and shall enjoy all the rights and privileges of regular full-time employes." (Emphasis added.) Since there is essentially no

§ 1921, it is clear that the legislature intended to provide for a two year period during which an employee is to be non-tenured. The school district is not required to tender a "regular contract of employment" to a non-tenured employee at any time before the "end of two years of service." If the district decides not to offer such a "regular contract" to the non-tenured employee, it may do so by giving the required written statement to the employee at "the end" of the two year period. 24 P.S. § 11–1108(c). It is apparent, therefore, that the legislature intended to establish a full two year period as the line of demarcation between tenured and non-tenured employees. Thus, when a district's decision not to renew a non-tenured employee's contract is to take effect at any time up to *and including the last day* of the second year, that employee remains non-tenured. Both the school district and the non-tenured employee will thus have the benefit of having a full two year period in which to perform and in which to have that performance observed and critiqued.

■ In the instant case, since the school district's decision not to renew appellees' contracts was to take effect *on the last day* of their second year of service, appellees were non-tenured. Therefore, the school board was correct in upholding the district's non-renewal decisions.

Accordingly, the order of the Commonwealth Court is reversed and the order of the Court of Common Pleas of Allegheny County is reinstated.

McDERMOTT, J., concurred in the result.

NIX, C.J., filed a dissenting opinion which ZAPPALA, J., joined.

ZAPPALA, J., filed a dissenting opinion.

PAPADAKOS, J., did not participate in the consideration or decision of this case.

difference in meaning, we will use the more familiar "tenured/non-tenured" classifications.

NIX, Chief Justice, dissenting.

At the time that appellees were furloughed, they were entitled to tenured professional status, under section 1108(b) of the Public School Code, Act of March 10, 1949, P.L. 30, art. XI, § 1108(b), *as amended,* 24 P.S. § 11–1108(b) (Supp.1984–85),[1] and thus entitled to all appropriate seniority rights. 24 P.S. § 11–1125.1(a) (Supp.1984–85); *Welsko v. School Board of School District of Foster Township,* 383 Pa. 390, 119 A.2d 43 (1956); *Bragg v. School District of Swarthmore,* 337 Pa. 363, 11 A.2d 152 (1940); *Tressler v. Upper Dublin School District,* 30 Pa.Commw. 171, 373 A.2d 755 (1977); *Phillipi v. School District of Springfield Township,* 28 Pa.Commw. 185, 367 A.2d 1133 (1977).

I am of the view that appellees' status at the time the furlough decision was to take effect was controlling. Thus, I would affirm the order of the Commonwealth Court, adopting the well reasoned opinion authored by Judge Doyle. *Pookman v. School District of the Township of Upper St. Clair,* 80 Pa.Commw. 14, 470 A.2d 1110 (1984).

ZAPPALA, J., joins in this dissenting opinion.

ZAPPALA, Justice, dissenting.

I join in the dissenting opinion of Chief Justice Nix. I also write separately to raise some additional points.

Appellees should be treated as professional employees under the Public School Code, Act of March 10, 1949, P.L. 30, 24 P.S. § 11–1101 et seq. Under the Code, teachers are professional employees with tenure rights unless newly hired, in which case they are temporary professional employees, § 1101, as amended, 24 P.S. § 11–1101. A temporary professional employee acquires the status of a profes-

1. Although the record does not indicate a rating was given within the last four months of the two-year period, it is undisputed that appellees did not receive an unsatisfactory rating during the two-year period. We have viewed the completion of two years without an unsatisfactory rating as conferring tenured professional status. *Dept. of Education v. Jersey Shore Area School District,* 481 Pa. 356, 392 A.2d 1331 (1978).

sional employee under the provisions of § 1108, 24 P.S. § 11–1108, as amended, which provides as follows:

(a) It shall be the duty of the district superintendent to notify each temporary professional employe, at least twice each year during the period of his or her employment, of the professional quality, professional progress, and rating of his or her services. No temporary professional employe shall be dismissed unless rated unsatisfactory, and notification, in writing, of such unsatisfactory rating shall have been furnished the employe within ten (10) days following the date of such rating. The rating of a temporary professional employe shall be done as provided in section one thousand one hundred twenty-three of this act.

(b) A temporary professional employe whose work has been certified by the district superintendent to the secretary of the school district, during the last four (4) months of the second year of such service, as being satisfactory shall thereafter be a "professional employe" within the meaning of this article. The attainment of this status shall be recorded in the records of the board and written notification thereof shall be sent to the employe. The employe shall then be tendered forthwith a regular contract of employment as provided for professional employes. No professional employe who has attained tenure status in any school district of this Commonwealth shall thereafter be required to serve as a temporary professional employe before being tendered such a contract when employed by any other part of the public school system of the Commonwealth.

A teacher who becomes a professional employee acquires tenure and may be suspended only for the causes specified in § 1124, as amended, 24 P.S. § 11–1124:

(1) Substantial decrease in pupil enrollment in the school district;

(2) Curtailment or alteration of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by

the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction;

(3) Consolidation of schools, whether within a single district, through a merger of districts, or as a result of joint board agreements, when such consolidation makes it unnecessary to retain the full staff of professional employes.

(4) When new school districts are established as the result of reorganization of school districts pursuant to Article II., subdivision (i) of this act, and when such reorganization makes it unnecessary to retain the full staff of professional employes.

The difference in rights between professional and temporary professional employees was spelled out in *Phillipi v. School District of Springfield,* 28 Pa.Cmwlth. 185, 367 A.2d 1133 (1977). The court held that where a reduction of staff is necessary, the seniority rights of professional employees prevail in selecting those to be suspended unless there is a substantial difference in ratings. Temporary professional employees have no right of retention on the basis of seniority or ratings against professional employees or among themselves. Appellees' rights will be governed accordingly.

In *Department of Education v. Jersey Shore Area School District,* 481 Pa. 356, 392 A.2d 1331 (1978), we held that a temporary professional employee who works for two years without receiving an unsatisfactory rating thereupon becomes a professional employee with the tenure rights associated with such status. Rather than an affirmative rating of satisfactory being required, the absence of an unsatisfactory rating is sufficient, *Elias v. Board of School Directors,* 421 Pa. 260, 218 A.2d 738 (1966). It is clear that Appellees acquired professional employee status at the conclusion of the 1980–81 school year.

The question to be determined is what status is to be accorded to Appellees for the purpose of determining their

rights to retain their positions in the face of the reduction in staff. Appellant argues that Appellees should be treated as temporary professional employees, as they had not acquired professional employee status at the time of the May 1, 1981 notice that they would not be retained. Appellees argue that they should be treated as professional employees, as they acquired such status prior to the school year during which the staff reduction was to take effect. I would hold to the latter view. Appellees acquired professional employee status at the end of the 1980–81 school year, having taught for two years without receiving unsatisfactory ratings. That status will determine their rights in regard to any suspension of employees due to staff reduction that takes effect after that time. I would hold that the date the suspension goes into effect governs, rather than the date of notice of suspension. I would not permit Appellant to diminish Appellees' rights by giving early notice of suspension. Such result would be contrary to law.

I would affirm the Order of the Commonwealth Court.