513 A.2d 588

Wattsburg Area School District, Appellant *v.* Suzanne Jarrett, Appellee.

Argued October 7, 1985, before Judges DOYLE and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Christine Hall McClure, McClure, Dart, Miller, Kelleher & White,* for appellant.

*George Levin, Shamp, Levin, Arduini & Hain,* for appellee.

OPINION BY JUDGE BLATT, August 11, 1986:

The Wattsburg Area School District (District) appeals from the order of the Court of Common Pleas of Erie County, which reinstated Suzanne Jarrett to her position as a middle school guidance counselor. Ms. Jarrett had previously appealed her furlough to the school board, which had affirmed the District's decision.

As the District concedes, the facts in this case are not in dispute.[1] Ms. Jarrett, who, at all times pertinent to these proceedings, has been certificated by the Pennsylvania Department of Education (Department) in guidance, was hired by the District in 1974. By means of a letter dated May 17, 1983, she was advised of the District's decision to furlough her, effective August 29, 1983, due to the reassignment of James Tonks, another professional employee with greater seniority. Mr. Tonks had been a Driver's Education and Spanish teacher and, although he had completed the requirements for certification in guidance in 1976, he was not certificated therein at the time that the District's school board confirmed his reassignment to Ms. Jarrett's position on May 16, 1983. Mr. Tonks did, however, receive his guidance certificate from the Department on or about June 1, 1983.

The District's primary contention on appeal is that the common pleas court erred in concluding that, for reassignment purposes, the more senior employee must have the necessary certification at the time when the school board makes the reassignment decision in order to bump the less senior employee from the involved position.

---

[1] Where, as here, the common pleas court took no additional evidence, our review is limited, *inter alia,* to determining whether or not the District abused its discretion, committed an error of law or violated Ms. Jarrett's constitutional rights. *Cadonic v. Northern Area Special Purpose Schools,* 57 Pa. Commonwealth Ct. 42, 426 A.2d 186 (1981).

Relying on our decision in *Pookman v. School District of the Township of Upper St. Clair*, 80 Pa. Commonwealth Ct. 14, 470 A.2d 1110 (1984), *rev'd*, 506 Pa. 74, 483 A.2d 1371 (1984) (plurality opinion), the District argues that the reassigned teacher's status at the time when the furlough of the less senior employee is to be effective, is controlling. Ms. Jarrett, however, argues that the common pleas court properly relied on our decision in *Penzenstadler v. Avonworth School District*, 43 Pa. Commonwealth Ct. 571, 403 A.2d 621 (1979).

In *Pookman*, which was a tenure case, we recognized that tenure is accorded by operation of law upon the completion of two years of service with no unsatisfactory rating from the district superintendent. *Department of Education v. Jersey Shore Area School District*, 481 Pa. 356, 392 A.2d 1331 (1978). And we have held that certification is a matter wholly outside of the control of a school district and that a district cannot anticipate certification decisions by the Department. *Occhipinti v. Board of School Directors of Old Forge*, 76 Pa. Commonwealth Ct. 516, 464 A.2d 631 (1983).

We held in *Penzenstadler*, however, in rejecting the argument of a suspended teacher that the school board should not have suspended him because he expected to receive an additional certification at some future time, that a school board is "required to rely on [the] record of certification as provided by the superintendent at the time of suspension." *Id.* at 577, 403 A.2d at 624.

We believe, therefore, that the trial court correctly perceived the District's legal error here and appropriately corrected it, and we will affirm the trial court's order.[2]

---

[2] Inasmuch as we affirm the common pleas court's conclusion that the District erred legally on this basis, we need not determine whether or not the alternate grounds for reversal upon which the common pleas court ruled are valid.

ORDER

AND NOW, this 11th day of August, 1986, the order of the Court of Common Pleas of Erie County in the above-captioned matter is affirmed.

---

DISSENTING OPINION BY JUDGE DOYLE:

Respectfully, I must dissent because the date a teacher's status is determined for purposes of suspension under the provisions of Sections 1124 and 1125.1 of the Public School Code of 1949 (Code)[1] is the effective date of the suspension. As the majority points out, the decision to furlough Suzanne Jarrett was made by the Wattsburg Area School District (District) on May 16, 1983. Ms. Jarrett was immediately notified by letter dated May 17, 1983 that her furlough was to be "effective at the commencement of the 1983-84 school year", which was August 29, 1983. Ms. Jarrett continued in her employment as a guidance counselor until June 20, 1983 and was performing in that capacity when Mr. Tonks received his approved certification in secondary school guidance from the Department of Education on June 1, 1983.

In *Penzenstadler v. Avonworth School District*, 43 Pa. Commonwealth Ct. 571, 577, 403 A.2d 621, 624 (1979), we stated:

[W]e believe the Board was required to rely on appellant's record of certification as provided by the Superintendent *at the time of suspension.* (Emphasis added.)

But the question which recurs is when was the teacher, Ms. Jarrett, *suspended:* at the time of the initial Board

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§11-1124, 11-1125.1. Section 1125.1 was added by Section 3 of the Act of November 20, 1979, P.L. 465.

meeting, at the time Ms. Jarrett was notified, or at the time when the suspension took effect. In *Penzenstadler* there had been an initial formal resolution by the School Board in June of 1976, approving the elimination of five elementary teaching positions due to declining enrollments, but the Board deferred until July 12, 1976, a decision on the suspension of the suspended teacher in view of the uncertainty as to his certification status.[2] When, on July 12th, Mr. Penzenstadler had not received his anticipated certification, the Board suspended him upon the recommendation of the superintendent. The effective date of the suspension was July 12, 1976 and not the previous June.

The majority opinion, in explaining *Pookman v. School District of the Township of Upper St. Clair*, 80 Pa. Commonwealth Ct. 14, 470 A.2d 1110 (1984), *reversed*, 506 Pa. 74, 483 A.2d 1371 (1984) (plurality opinion), states that the Appellant has relied on *our* decision in *Pookman* that the effective date of the suspension is controlling. That is quite correct; but more importantly, I do not believe the Supreme Court disturbed that principle when it reversed our decision. The precise issue in *Pookman,* as resolved by the Supreme Court, was a determination of exactly when was the ef-

---

[2] In *Penzenstadler* the Board had deferred action on the suspension until July 12, 1976 because Mr. Penzenstadler had advised the superintendent that he expected to obtain additional certification in English. The resolution of the Board on June 23, 1976 pertinently read:

> In view of the uncertainty as to his certification status, it is recommended the action on his suspension be deferred until the meeting of the Board of School Directors on July 12, 1976, by which time it is imperative that a decision be made by the Board of School Directors in order to complete properly the scheduling for the coming school year in both the junior high school and the senior high school. . . .

*Id.* at 573-74 n.3, 403 A.2d at 623 n.3.

fective date of the Board's furlough. In *Pookman* three non-tenured teachers were hired in August of 1979 and the District determined, on April 30, 1981, not to renew their contracts due to a significant decline in student enrollment. The District's decision was to take effect on June 12, 1981, which was the *last day* of their contract for that year, the second year of their employment. The Code requires a non-tenured teacher be employed for two full years, *up to and including the last day* of the school year, in order to gain tenured status. The Supreme Court, in reversing our decision, held only that "since the school district's decision not to renew [the teachers'] contracts was to take effect *on the last day* of their second year of service, [the teachers] were non-tenured." *Id.* at 79, 483 A.2d at 1374 (emphasis in original). Therefore, the Supreme Court disagreed with our decision only with respect to the *effective* date of the Board's decision and not with the fact that it was the effective date that determined the issue. In the case at bar, it is undisputed that the effective date of the Board's decision to suspend Ms. Jarrett was August 29, 1983, the first day of the 1983-84 school year. At that point in time Mr. Tonks was certified in guidance counselling and Ms. Jarrett was the proper candidate for suspension. Because of my disagreement over this issue, as well as the additional reasons given by the trial court to reverse the decision of the School District, I would reverse the order of the trial court.