## Welsko *v.* Foster Township School District, Appellant.

Argued November 14, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Cletus M. Lyman*, with him *Anthony J. Ciotola*, for appellants.

*Albert F. Maier*, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, January 3, 1956:

Thomas E. Welsko taught in the elementary grades of Foster Township, Luzerne County from September, 1916 to June, 1926, and then taught in the high school from September 1, 1934 to June 9, 1952, when he was suspended because of a decrease in pupil enrollment. On October 30, 1952, he brought an action in mandamus for reinstatement, averring that while the School Board was justified in reducing the teaching staff on account of the District's financial condition, it was not warranted in suspending him in favor of five other retained teachers with less seniority rights than his. The suspension of school teachers is governed by paragraph (b), section 1125 of Article XI of the 1949 School Code, P. L. 30 (24 P.S. 11-1125) which provides: "(b) In cases in which suspensions are to be made, professional employes shall be retained on the basis of seniority

rights, acquired within the school district of current employment, where no differences in rating are found . . ." Seniority rights exist for the dual purpose "of assuring continuity of service for faithful labor and providing efficient service to the state gained by experience." (*Wesenberg Case,* 346 Pa. 438.)

Seniority is a matter not to be treated lightly. The very stability of our schools depends on retaining those teachers who because of long years of experience and devotion have earned the obedience of the pupils, the admiration of the parents, and the respect of the community. Considering the comparatively low salaries paid the teaching profession, the very least that should be guaranteed them is fireproof tenure for their invaluable services in preparing the future citizens of this great Republic. As stated by Chief Justice KEP-HART in *Walker's Appeal,* 332 Pa. 488, 491, the purpose of the Teachers' Tenure Act "was the maintenance of an adequate and competent teaching staff, free from political or arbitrary interference, whereby capable and competent teachers might feel secure, and more efficiently perform their duty of instruction."

The defendant School Board in this case does not contest the general principle of seniority rights but asserts that although five of the retained teachers had less years of service than the plaintiff, they taught subjects for which the plaintiff was not qualified to teach. In this connection Welsko admits that three of those teachers taught subjects for which there were no other certified teachers available and, consequently, could not be replaced. He pointed out, however, that the subjects taught by two of the retained teachers, namely, Peter Kundra and Richard Gallagher, could be taught by other teachers on the Foster teaching staff, and that, therefore, they should have been suspended prior to him, especially in view of the fact that a Joseph John-

son, who was assigned to take over the subjects taught by Welsko could have been assigned to the studies taught by Kundra and Gallagher.

Since the institution of the mandamus proceedings the plaintiff has been reinstated and the only question before us is whether the lower Court properly held that the plaintiff is entitled to $3,537.60, which the parties stipulated would be the amount of the loss suffered by the plaintiff as the result of his suspension for one year and one month.

We are satisfied upon a review of the record that the situation in the Foster Township School District did not warrant Welsko's suspension, even temporarily. A school board has not done its duty simply because it has retained no one with less continuous years teaching the subject which the suspended teacher was qualified to teach. Where a reduction in teaching staff is called for, the Board's first consideration should be how to retain those teachers with the longest years of service by realigning the staff so that the remaining teachers, after the reduction has been effected, can teach the subjects of those who, because of lesser seniority rights, have been suspended. Welsko had had 18 years of continuous service, excluding the years 1916-1926 before the passage of the Teachers' Tenure Act. In view of that fact, Kundra and Gallagher could well have been suspended prior to Welsko, since Kundra's and Gallagher's subjects could be taught by remaining teachers. In fact, Welsko himself had become certified to teach Kundra's subjects ten days before the defendant school board met and assigned teachers for the 1952-53 term.

We are not unmindful of the difficulties which confront a school board in setting up curricula and fitting teachers to the varied pedagogical tasks which the school program presents, and in this respect we affirm

what we said in *Ehret v. Kulpmont School District,* 333 Pa. 518, that it was not the intent of the Legislature to impose the Tenure Act so as to interfere with the control of school policy and courses of study selected by the administrative bodies. But if we were not to affirm the action taken by the Court below in the case at bar, it would mean that the seniority rights of teachers could be circumvented by the expedient of reassigning teachers so that there would be no teachers with less continuous years of service teaching subjects which the suspended teacher was qualified to teach, and obvious inequities would result, as happened in this instance.

Order affirmed; costs on appellants.