Antoinette Platko, Patricia Stefancin, Edward J. Regula, Sharon Sementa, Joseph Zammerilli and Barbara Nemchik, Appellants *v.* Laurel Highlands School District, Appellee.

Argued December 5, 1979, before Judges Crum-lish, Jr., Rogers and MacPhail, sitting as a panel of three.

*Shelley W. Elovitz*, with her *Ronald N. Watzman*, for appellants.

*William M. Radcliffe*, with him *Coldren & Coldren*, for appellee.

Opinion by Judge MacPhail, February 5, 1980:

The Laurel Highlands School District (District) suspended Antoinette Platko, Patricia Stefancin, Edward J. Regula, Sharon Sementa, Joseph Zammerilli, and Barbara Nemchik (collectively, Appellants) due to a substantial decline in pupil enrollment. Several hearings were held by the District pursuant to the Local Agency Law[1] (Law) and the suspensions were

---

[1] 2 Pa. C.S. §551 *et seq.*, §751 *et seq.*

affirmed. An appeal was taken to the Court of Common Pleas of Fayette County where the suspensions were affirmed. This appeal followed.

Appellants contend (1) that the lower court erred in finding that there was substantial evidence to support the conclusion that a substantial decline in pupil enrollment had occurred, (2) that the lower court erred in failing to find that the suspensions constitute a violation of the Collective Bargaining Agreement between District and the Laurel Highlands Education Association, and (3) that the lower court erred in upholding the procedure used by the District to realign faculty and decide which employees should be suspended.

We must affirm the action of the District unless we find that Appellants' constitutional rights have been violated, that the District failed to act according to law or failed to conform to procedural requirements, or that the findings of the District are not supported by substantial evidence. Section 754 of the Law, 2 Pa. C.S. §754.

A careful review of the record shows that the opinion of the trial court is correct as to Appellants Platko, Stefancin, Sementa, Zammerilli, and Nemchik.

The parties agree that where a substantial decrease in pupil enrollment occurs in a school district, the school board (Board) may suspend the necessary number of professional employees for any cause permitted by the Public School Code, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1124. The issue then is whether there is substantial evidence in the record to support the Board's finding, affirmed by the trial court, that there was a substantial decrease in enrollment. The record shows that over a seven year period there was a decline in the District's student enrollment from 6,053 to 5,266 pupils. We have no difficulty concluding that the District and the trial court

were justified in finding this to be a substantial decline in enrollment. *See Phillippi v. School District of Springfield Township,* 28 Pa. Commonwealth Ct. 185, 367 A.2d 1133 (1977). Appellants would have us determine that it was really economic considerations which triggered the suspensions. While a substantial decline in student enrollment would necessarily have economic implications for the District, the fact remains that the District found that it was the substantial decrease in enrollment which necessitated the suspensions in question here. Since, as we have noted, there is substantial evidence to support that finding, we must affirm the Board and the trial court.

Concerning Appellants' contention that their suspensions violated Article XX of their Collective Bargaining Agreement,[2] as we understand their argument, Appellants contend that the suspensions ordered by the District will change the teaching load of the remaining employees by increasing the same. The trial court refused to discuss the issue because it found no facts in the record to support a charge of such a violation. Indeed, Appellants in their brief admit that there is testimony from which the trial court could (and obviously did) find that the suspensions would not cause an increase in the teaching load. Again, our scope of review prohibits us from pursuing the matter any further. Nevertheless, Appellant Nemchik, a nurse, insists that Article XX applies specifically to her, contrary to the District's conclusion that it did not. This error by the District was corrected by the trial court in its opinion, but that change does not

---

[2] The Association and the District agree that all present practices with respect to teaching hours and teaching load, including preparation periods and lunch periods, will prevail except in those instances where the parties mutually agree, following meet and discuss sessions, to make changes therein.

benefit Appellant Nemchik since the trial court also found that there was no substantial evidence that the work load for the remaining nurses would necessarily increase in violation of the Collective Bargaining Agreement. Our careful review of the record leads us to the same conclusion.

Finally, Appellants contend that the methods employed by the District in determining which employees to suspend were unlawful. However, on close analysis, the real argument of Appellants, except with respect to Appellant Regula, is that instead of using the methods they did, the District should have permitted those with equal seniority to be given the same chance to remain employed as the others by having them draw lots. The most Appellants could say concerning the methods employed by the District is that they were arbitrary and that a more equitable and fair method should have been selected. The Board had hard decisions to make. By proceeding in an orderly fashion to determine seniority by first determining the number of continuous years a teacher had been a professional employee and, where those years of service were the same as other employees, then the date on which the particular employee was hired and, if that date was the same as other employees, then the order in which their names appeared on the official minutes of the School District, is not arbitrary or capricious as a matter of law.

Concerning Appellant Regula, the record shows that one Sheri Gallo was employed through the Manpower Program in October of 1976. The record shows that she is a certified music teacher and is presently teaching at North Laurel Junior High School, which is in the District. The trial court found that Ms. Gallo was not a temporary professional employee of the District because the procedures required by the Public School Code were not followed in hiring her. A writ-

ten contract and school board approval are not, however, dispositive of the issue of an employee's status. We believe that the instant case is controlled by *Department of Education v. Jersey Shore Area School District*, 481 Pa. 356, 392 A.2d 1331 (1978). In that case, the court found that a teacher hired pursuant to Title I[3] has the same rights as professionals paid by the School District. We find, therefore, that, inasmuch as Sheri Gallo has certification and is, in fact, teaching, she is a temporary professional employee of the District. *See also, Tyler v. Jefferson County-DuBois Area Vocational Technical School*, 467 Pa. 595, 359 A.2d 761 (1976).

Although we find that Ms. Gallo is a temporary professional employee of the District, we hold that the suspension of Appellant Regula was proper. The record shows that Appellant Regula has more seniority than Ms. Gallo. However, Regula was certified as an elementary education teacher whereas, as we have noted, Ms. Gallo was certified in music and was teaching in a junior high school. Appellants argue that under the holding of *Welsko v. Foster Township School District*, 383 Pa. 390, 119 A.2d 43 (1956), a realignment of teachers was necessary which would result in the suspension of Ms. Gallo and the reinstatement of Appellant Regula. The record shows that the realignment proposed by Appellants would require moving two other teachers from their present positions. While there is the possibility that the District could have realigned in a manner specified by Appellants, it chose not to do so. There is nothing in the record to indicate that the District's rejection of this plan was in any way capricious or an abuse of their discretion. We do not believe that the *Welsko* case requires the District to realign teachers where such realignment is

---

[3] 20 U.S.C.A. §2701 *et seq.*

216

impractical. It is at least certain that we may not substitute our judgment for that of the District in this respect. *Tressler v. Upper Dublin School District,* 30 Pa. Commonwealth Ct. 171, 373 A.2d 755 (1977) and *Smith v. Harmony Area School District,* 16 Pa. Commonwealth Ct. 175, 328 A.2d 883 (1974).

Order affirmed.

## ORDER

AND Now, this 5th day of February, 1980, the order of the Court of Common Pleas of Fayette County, dated October 2, 1978, affirming the action of the Laurel Highlands School District in suspending Antoinette Platko, Patricia Stefancin, Edward J. Regula, Sharon Sementa, Joseph Zammerilli, and Barbara Nemchik is affirmed.

Judge DISALLE did not participate in the decision in this case.