## Godfrey v. Penns Valley Area School District

*William A. Hebe,* for plaintiff.
*John R. Miller, Jr.,* for defendant.

BROWN, P. J., February 17, 1981—This matter comes before this court on an appeal by a profes-

sional employee of the Penns Valley Area School District, appellant Robert Godfrey, under the provisions of the "Local Agency Law," 2 Pa.C.S.A. §101, et seq., from the action of the board of directors of said district in suspending appellant pursuant to Sections 1124 and 1125.1 of the Public School Code, 24 P.S. §§11-1124 and 11-1125.1.

By letter, dated July 1, 1980, appellant was advised by respondent that by action at its June 30, 1980, meeting, the board of directors suspended him due to a substantial decline in student enrollment. Since the suspension of a professional employee is an "adjudication" as that term is defined by the said "Local Agency Law," appellant was afforded the opportunity for a full, adversary hearing before the Board of Directors (pursuant to 2 Pa.C.S.A. §553). A hearing was held on August 4, 1980, with all parties present, represented by counsel and having full opportunity to present evidence and cross-examine witnesses.

Following the aforementioned hearing, the board of directors adopted a motion essentially ratifying the board's prior action of June 30, 1980, suspending appellant, effective June 30, 1980. Findings of fact and conclusions of law were adopted by the board as required by 2 Pa.C.S.A. §555. This appeal was brought under the provisions of 2 Pa.C.S.A. §§751-754.

The parties are in substantial agreement concerning the facts. The music department of respondent school district is composed of five teachers, the least senior member being appellant. Among the members of the music department are two teachers who possess multiple certifications, i.e., they are certified to teach both music and another subject. Dr. Jack Miller is the most senior member of the department and possesses teaching

certification in music and English. Ms. Elizabeth Pennock is certified to teach music and home economics. Appellant and the remaining members of the music department are certified to teach music only. Neither Dr. Miller nor Ms. Pennock have taught in the other area of their certification since 1960.

## DISCUSSION

Our scope of review is dictated by 2 Pa.C.S.A. §754(b), which pertinently provides:

"(b) Complete record — In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. . . ."

In this case, which is one of first impression in Pennsylvania, the court is called upon to interpret the requirements of 24 P.S. §1125.1(c). Said section reads as follows: "(c) A school entity shall realign its professional staff so as to insure that more senior employes are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employes."

Appellant argues that when the above listed section is applied in the instant case, respondent, in

violation of the law, failed in its obligation to realign its professional staff to insure the continued employment of its more senior employees within their appropriate area, or areas, of certification. This problem arises from a combination of two essential factual elements: (1) members of the music department with multiple certification, and (2) employees with less seniority than appellant within departments for which the more senior employees of the music department are certified to teach.

The argument of respondent school district in this regard is two-fold: (1) A literal reading of the statute would require respondent to offer to the more senior employees an opportunity to fill positions for which they are certified and which are being filled by less senior employees. Since Mr. Godfrey is the least senior employee in the music department and certified only to teach music, his suspension was proper. No less senior employee than appellant is teaching music. (2) Even if realignment across multiple lines of certification may be dictated under the new provision, the school district may still consider the educational impact and practicability of such realignment in determining whether or not such a reassignment of faculty must take place.

The issue for our determination thus becomes whether 24 P.S. §11-1125.1(c) mandates that the school district realign its staff across lines of multiple certification to insure the continued employment of the most senior employees of the district, regardless of whether or not such realignment is, in the opinion of the board of directors of the school district and school administrators, educationally unsound.

Although this is a case of first impression under

the statute as amended, there is a body of case law on the duty of school districts to realign their professional staff. The concept of realignment was firmly entrenched in teacher suspension cases by the Pennsylvania Supreme Court decision in Welsko v. Foster Township School District, 383 Pa. 390, 119 A. 2d 43 (1956). The opinion of the Supreme Court, while exceedingly frugal on the factual aspects of that particular case, strongly asserted the desirability of retaining those teachers with seniority and realigning the teaching staff in order to do so. In Welsko, two teachers retained by the district had less seniority than Mr. Welsko and were teaching subjects that other teachers in the district were certified to teach. In fact, the teacher who was assigned to teach those subjects previously taught by Mr. Welsko was certified to teach the subjects taught by the two retained teachers. In an opinion, per Justice Musmanno, the Supreme Court stated:

"A school board has not done its duty simply because it has retained no one with less continuous years teaching the subject which the suspended teacher was qualified to teach. Where a reduction in teaching staff is called for, the Board's first consideration should be how to retain those teachers with the longest years of service by realigning the staff so that the remaining teachers, after the reduction has been effected, can teach the subjects of those who, because of lesser seniority rights, have been suspended." Welsko, supra, at 393, 119 A. 2d at 44.

Decisions subsequent to Welsko, while upholding the desirability of realignment, have recognized the propriety of considering the impact of such realignments on the educational process. For

example, in the case of Smith v. Harmony Area School District, 16 Pa. Commonwealth Ct. 175, 328 A. 2d 883 (1974), the court considered a possible realignment of teaching staff, but stated that appellant-teacher had not made a proper showing that the school board did not consider the realignment or that the realignment could have been accomplished practically had the attempt been made.

In Phillippi v. School District of Springfield Township, 28 Pa. Commmonwealth Ct. 185, 367 A. 2d 1133 (1977), the Commonwealth Court had occasion to consider the practicality of realignments across multiple lines of certification by way of dicta. The issue was only considered indirectly because the suspended teachers were nontenured, and therefore without seniority rights. The court stated at 198:

"The superintendent testified that he examined the records of all teachers with certification in more than one subject area but was unable to effect a practical realignment. Appellants argue that in one instance, a tenured chemistry teacher could have been shifted to the position of guidance counselor, for which she was also certified, thus, after some additional shifting, enabling retention of a nontenured chemistry teacher. In view of our determination that nontenured teachers do not have seniority rights, we do not feel that the concept of realignment in Welsko, supra, which is a device for enforcing seniority rights, is applicable to a nontenured teacher. Even if it were, however, the record clearly demonstrates that the proposed shift was totally impractical."

More recent cases continue to recognize the propriety of considering the practicability of staff realignments: Platko v. Laurel Highlands School

District, 49 Pa. Commonwealth Ct. 210, 410 A. 2d 960 (1980); Tressler v. Upper Dublin School District, 30 Pa. Commonwealth Ct. 171, 373 A. 2d 755 (1977).

In the instant case, the superintendent of respondent school district testified before the school board that realignment was considered as to those members of the music department possessing multiple areas of certification. Both members of the music department possessing multiple certification had not taught in their area of certification other than music since 1960. Teachers who would have been replaced had the transfers of either of the music department teachers with multiple certifications taken place were involved in teaching new courses of study which they were largely responsible for designing and/or implementing. The school district thus found that the adjustment of the various curricula and the transfer of several teachers with dual certification from within their current teaching curriculum "would be disruptive to ongoing educational programs and educationally unsound." Respondent thus properly considered the practicality of the realignments proposed by appellant as was required by case law interpreting the provisions of the Public School Code prior to the enactment of Act 97.

Appellant would have this court interpret the amendments to the Public School Code, as embodied in Act 97, to require realignment of professional staff whenever such realignment would result in a more senior member of the professional staff being retained. It is asserted by appellant that this must have been the intent of the legislature as it responded to the problems of judicial interpretation which have evolved from Welsko, supra, and its progeny. We disagree.

The language of 24 P.S. §11-1125.1(c) is clear. It

states: "A school entity shall realign its professional staff so as to insure that more senior employees are provided with the opportunity *to fill positions for which they are certified and which are being filled by less senior employees.*" (Emphasis supplied.)

The provisions of the Statutory Construction Act, as they relate to interpretation of statutes, are helpful. 1 Pa.C.S.A. §1921(b) provides:"(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

The spirit of the law, as amended, is undoubtedly to make seniority the sole criteria for determining what teachers are suspended when staff cuts are necessary. Along these lines, realignment must be undertaken when a suspended teacher is certified to teach courses taught by persons with less seniority. In this case, Robert Godfrey is the least senior member of the music department and certified solely to teach music. The strict letter of the law reveals that respondent school district has complied with the mandates of 24 P.S. §11-1125.1(c).

Moreover, even if the amendments resulting from Act 97 are interpreted by our courts to require realignment of other members of the professional staff to insure that the least senior member of the staff is suspended, the practicality of such realignment and its effect on the educational processes within the school district must be considered. We have discussed the pre-Act 97 case law in this regard, and find the wisdom of those decisions no less compelling under Act 97, absent clear legislative intent to the contrary.

## ORDER

And now, February 17, 1981, upon consideration of the foregoing appeal from the adjudication of the

Board of Directors of the Penn Valley School District of August 4, 1980, suspending appellant pursuant to 24 P. S. §§11-1124 and 11-1125.1, said adjudication is hereby affirmed.