Derry Township School District, Appellant *v.* Ruth C. Finnegan, Appellee.

Argued September 10, 1984, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three. Reargued May 8, 1985, before President Judge CRUMLISH, JR., Judges ROGERS, CRAIG, MACPHAIL, DOYLE, BARRY and PALLADINO.

*James R. Clippinger,* with him, *Kent H. Patterson, Cleckner and Fearen,* for appellant.

*Thomas W. Scott,* with him, *Betty F. Perry, Killian & Gephart,* for appellee.

OPINION BY JUDGE MACPHAIL, September 20, 1985:
Derry Township School District (Appellant) appeals from an order of the Court of Common Pleas of Dauphin County which reversed the decision of its Board of School Directors (Board) suspending Ruth Finnegan (Appellee) from her position as an elemen-

tary school teacher and directing that the Board reinstate Appellee with full back pay. We reverse.

Appellee was a tenured elementary school teacher[1] with ten and a half years of service with the school district. On May 30, 1979, the Board voted to suspend Appellee from her position as an elementary school teacher due to a substantial decrease in student enrollment. Appellee requested and received a hearing on her suspension before the Board. The Board affirmed her suspension. An appeal was taken to the trial court, which reversed and directed the Board to reinstate Appellee. Appellant has appealed from this decision.

There is no dispute that a substantial decrease in pupil enrollment justified the Board's decision to decrease the number of its professional employees in the elementary schools. What is at the center of this dispute is whether Appellee should have been retained in favor of discharging a temporary professional employee, the elementary school principal.[2]

---

[1] Appellee was a professional employee as that term is defined in the Code. Section 1101(1), 24 P.S. §11-1101(1) defines "professional employee" as:

> Those who are certified as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygenists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries, the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

[2] Section 1101(3) of the Code, 24 P.S. §11-1101(3) defines temporary professional employee as "any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employee whose services have been terminated by death, resignation, suspension or removal." Temporary professional employees are not entitled to the seniority benefits of tenured professional employees under the Code. *Phillippi v. School District of Springfield Township*, 28 Pa. Commonwealth

Inasmuch as the trial court took no additional evidence, we must affirm the action of Appellant unless we find that Appellee's constitutional rights have been violated, that Appellant failed to act according to law or failed to conform to procedural requirements, or that the findings of Appellant are not supported by substantial evidence. Section 754 of the Local Agency Law, 2 Pa. C. S. §754; *Platko v. Laurel Highlands School District*, 49 Pa. Commonwealth Ct. 210, 410 A.2d 960 (1980). The trial court, having taken no additional evidence, was restricted to the same scope of review. That court, however, stated that inasmuch as Appellee raised no issue of error of law or violation of constitutional or procedural rights, its scope of review was limited "to whether the School District abused its discretion in making any Findings of Fact." The court held that Appellant had abused its discretion and ordered Appellee's reinstatement. Abuse of discretion is not a proper criteria in the trial court's scope of review, as we have noted. To employ this factor in reviewing the Board's decision clearly was error on the part of the trial court. This error has been compounded in the Appellant's statement of the question involved in this appeal as being whether the Board abused its discretion when it realigned its staff by suspending a tenured teacher and retaining an untenured principal. The proper scope of review is whether the Board's action constituted an error of law.

Appellant contends that the method employed by it in determining which employees to suspend was in

Ct. 185, 367 A.2d 1133 (1977). Temporary professional employees do not have the right to be compared with professional employees on the basis of efficiency ratings nor for that matter among themselves. *Tressler v. Upper Dublin School District*, 30 Pa. Commonwealth Ct. 171, 373 A.2d 755 (1977).

accordance with the law. The Superintendent reviewed both the teaching and non-teaching staff to determine where the reductions should be made and what realignments of staff were practical. Section 1125 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1125[3] requires school boards to suspend professional employees on the basis of efficiency rank determined by ratings, mandating the school board to retain professional employees on the basis of seniority where no differences in ratings are found.[4] Where there are substantial differences in rating, "seniority shall be given consideration in accordance with principles and standards of weighting incorporated in the rating cards." Section 1125(b) of the Code.[5]

The Superintendent recommended, *inter alia,* that five (5) professional employees be suspended, two in the elementary school, a music teacher in the intermediate school, and two teachers in the senior high school.

The ratings of all elementary school teachers were then examined. Out of a possible 100 rating points, Appellee received a total of 46, the lowest rating given to a teacher within the township. The next lowest rating was a 59. In accordance with its rating plan, Appellant weighted the scores. Appellee received a weighted score of 56.5; the next lowest rated score within the township was 65. Appellee was therefore the first elementary school teacher suspended by the Board.

---

[3] Section 1125 has since been repealed by Section 1125.1 of the Code, added by the Act of November 20, 1979, P.L. 465, 24 P.S. §11-1125.1.

[4] Derry Township weighted the ratings by adding the teacher's twelve points or more constitutes a substantial difference in rating.

[5] Derry Township weighted the ratings by adding the teacher's years of seniority to his rating score.

At the hearing before the Board, Appellee alleged that the method employed by the Board in determining which employees to suspend was unlawful. Specifically, Appellee contended that Appellant should have suspended the elementary school principal, Dr. Dale Summers, a temporary professional employee, and replace him with a Mr. Glen Zehner, a professional employee certified as an elementary school principal, allowing Appellee to be retained. The Board found this proposed realignment to be totally unreasonable as well as impractical.[6]

On appeal, the trial court reversed. Citing *Welsko v. Foster Township School District,* 383 Pa. 390, 119 A.2d 43 (1956), the court held that "the shifting of three employees within the elementary school which could be considered a department, since teachers at this level are not certified by subject, but have 'Elementary Certification' would be considered sound and practical." The trial court adopted Appellee's realignment plan in its order.

We have identified the issue presented as whether a school board commits an error of law when it realigns its staff by suspending a tenured teacher at the expense of an untenured principal. Our analysis of this issue is twofold: we must examine the rights and privileges inherent in being a tenured teacher; we will then focus upon the rights and duties of a school board.

Case law has provided guidance in identifying the rights and privileges of the tenured teacher. In *Welsko,* a school board suspended Welsko but retained five (5) other teachers with less seniority. Welsko conceded that three of the retained teachers taught subjects for which there were no other certified teach-

---

[6] The Board had originally considered Mr. Zehner for the position of elementary school principal but rejected his application.

ers, but argued that the subjects taught by two of the retained teachers could be taught by other teachers in the staff and that therefore he should not have been suspended. In agreeing with Welsko, our Supreme Court stated that:

> A school board has not done its duty simply because it has retained no one with less continuous years teaching the subject which the suspended teacher was qualified to teach. Where a reduction in teaching staff is called for, the Board's first consideration should be how to retain those teachers with the longest years of service by realigning the staff so that the remaining teachers, after the reduction has been effected, can teach the subjects of those who, because of lesser seniority rights, have been suspended.

*Welsko,* 383 Pa. at 393, 119 A.2d at 44. *Welsko* does not mandate realignment outside of the teaching ranks; indeed, *Welsko* only stands for the proposition that the teaching staff should be realigned in order to retain those teachers with more seniority.

The lines from which the required realignment must be drawn are narrow. For example, in *Tressler v. Upper Dublin School District,* 30 Pa. Commonwealth Ct. 171, 373 A.2d 755 (1977), a suspended professional employee argued that instead of comparing her efficiency ratings solely within her department, the school board should have compared her ratings with all professional employees in the district. We rejected this argument:

> In other words, to compare the efficiency ratings of all professional employes when declines in enrollment are localized, as they are here, and not across the board, would be fruitless. Comparison, in that instance, of all professional employes in the district with different

certifications in different areas together would accomplish nothing. Even when realignment of staff is practicable so as to retain those with the most continuous years of service, Welsko, supra, comparison of all professional employes on the basis of efficiency ratings would be unnecessary. It would be done on a department by department basis depending on the plan for realignment of staff.

*Id.* at 179, 373 A.2d at 759-760.

Similarly, in *Sto-Rox School District v. Horgan,* 68 Pa. Commonwealth Ct. 416, 427, 449 A.2d 796, 802 (1982), we held that "if suspensions can be confined to different departments within the district's secondary school system, they can be confined to the secondary school system itself." In our view, suspensions can be confined solely to the teaching ranks without regard to the disparate administrative area.

We believe that the trial court erred in grouping principals and teachers in the same department merely because elementary school teachers are not certified by subject. In *Taggart v. Canon-McMillan Joint School System,* 409 Pa. 33, 185 A.2d 332 (1962), *overruled on other grounds, Mullen v. DuBois Area School District,* 436 Pa. 211, 259 A.2d 877 (1969), our Supreme Court distinguished between a teacher and a principal for purposes of compensation, and in making that distinction the Court noted that the principal's responsibilities and duties were more demanding and time consuming than that of a teacher. School principals must, in the opinion of the Board, be able to work with teachers, enforce student discipline, and carry out the Board's policies. While a teacher certainly furthers these objectives, teachers do not have the same obligation of discharging administrative and supervisory duties.

In continuing with our analysis, we will briefly focus upon the role of the school board. Article V of the Code sets forth the duties and powers of school boards. Specifically, Section 508 of the Code, *as amended,* 24 P.S. §5-508 states that only a majority of the board can appoint a principal.[7] The Board has discretion to determine the filling of staff vacancies. *See Commonwealth ex rel. v. Sunbury School District,* 335 Pa. 6, 6 A.2d 179 (1939).[8] As previously noted, Section 1125 of the Code also requires the Board to retain teachers on the basis of seniority when suspensions are required.

We do not believe that Section 1125 can be read to require the retention of a tenured professional employee at the expense of suspending an elementary principal duly elected by the Board, and placing in his stead a teacher who is certified and qualified as an elementary school principal but was never elected to that post. Such a result would be inconsistent with the provisions requiring the Board to appoint, as principal, the candidate they deem qualified. The mere fact that a teacher is certified and qualified as a principal does not mean that a school board would automatically find that person to be the one they must hire as a principal. The rules of statutory construction tell us that the General Assembly is presumed not to intend a result that is absurd, impossible of execution, or unreasonable. Section 1922 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922. To

---

[7] Further, Section 1106 of the Code, *as amended,* 24 P.S. §11-1106 requires the Board to employ the necessary qualified professional employees.

[8] The Code does not restrict the school board's discretion. In *Welsko,* the Supreme Court stated that "it was not the intent of the Legislature to impose the Tenure Act so as to interfere with the control of school policy and courses of study selected by the administrative bodies." 383 Pa. at 394, 119 A.2d at 45.

require the Board to elevate to the position of principal a person whom the Board had previously considered but rejected for that position would indeed be absurd.

We conclude that Appellant did not err when it suspended Appellee. Accordingly, we will reverse the order of the court of common pleas.[9]

ORDER

The order of the Court of Common Pleas of Dauphin County at No. 5151 S, 1979, dated August 4, 1981, is reversed.

Judge BARRY dissents.

---

[9] In light of our holding that the suspension of Appellee was proper, we will not address the remaining issues raised by the parties.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent. The appellee, Mrs. Finnegan, was a tenured elementary school teacher with ten and a half years of service with the district. She was suspended by the school board as part of a reduction in the professional and nonprofessional staff because of a substantial decrease in student enrollment, pursuant to Section 1124(1) of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1124(1). There is no dispute that a substantial decrease in pupil enrollment justified the school district's decision to decrease the number of its professional employees in the elementary schools or that the Board of School Director's decision to suspend two persons from the professional staff was proper. The issue is that of whether Mrs. Finnegan should have been the person to be suspended.

Section 1125[1] of the Code, 24 P.S. §11-1125 requires that school boards consider both performance ratings and seniority status when identifying which professional employees are to be suspended. It further provides that seniority status shall prevail where there are no differences in the ratings of those under consideration for suspension and that where there are "substantial differences in rating of those under consideration for suspension, seniority shall be given consideration in accordance with principles and standards of weighting incorporated in the rating cards." Section 1125(b) of the Code, 24 P.S. §11-1125(b).

The Derry Township School District's rating plan provides that a difference of twelve points or more constitues a substantial difference in rating within the meaning of Section 1125(b) of the Code. The record shows that of a possible maximum of 100 points the appellee was rated at 46 points, the lowest of any elementary school teacher, and that the next higher rated elementary school teacher was rated at 59 points. As there was a substantial difference between the two scores, that is, more than twelve points, the school board weighted the scores by adding seniority factors and comparing the results. Mrs. Finnegan's weighted score was 56.5 points, which was lower than the other teacher's weighted rating of 65 points. The Board decided that Mrs. Finnegan and the teacher next higher in rating whose scores we have just described should be suspended. The teacher rated higher did not appeal from the school board's action. As this litigation shows, Mrs. Finnegan did.

At the school board hearing conducted in the matter of her appeal and since, Mrs. Finnegan has contended that the District should have suspended only one of the two tenured elementary teachers who were

---

[1] Section 1125 has since been repealed by Section 1125.1 of the Act of November 20, 1979, P.L. 465, *as amended*, 24 P.S. §11-1125.1.

professional employees; that it should have suspended the elementary school principal, who was a temporary professional employee,[2] and replaced him by another tenured elementary teacher who was certified as an elementary school principal. The school board rejected this suggestion as impractical and concluded that "[t]he elementary school teacher [proposed as principal] is unacceptable as an elementary school principal."

The court of common pleas, on Mrs. Finnegan's appeal, held that the school board committed an abuse of discretion in suspending Mrs. Finnegan, the objecting tenured elementary teacher, rather than suspending the temporary professional employee serving as elementary principal and filling the vacancy thus created with a tenured professional employee serving as an elementary teacher but certified as an elementary principal.

I agree with the common pleas court and would affirm its order reinstating Mrs. Finnegan to her former position with back pay.

In *Welsko v. Foster Township School District*, 383 Pa. 390, 119 A.2d 43 (1956), a school board faced with a decrease in pupil enrollment chose to suspend a teacher with greater seniority than five other teachers whom it retained. The Pennsylvania Supreme Court, which overurned this action, wrote:

Where a reduction in teaching staff is called for, the Board's first consideration should be how to retain those teachers with the longest years of service by realigning the staff so that the remaining teachers, after the reduction has been effected, can teach the subjects of those

[2] The elementary principal had been in the employ of the school district for less than the two years necessary under the Code to attain tenured professional employee status. §1108 of the Code, 24 P.S., §11-11-8.

who, because of lesser seniority rights, have been suspended.

*Id.* at 393, 119 A.2d at 44. The instant facts are even more compelling than those in *Welsko,* since that case involved the respective seniority rights among tenured professional employees. Here, a tenured professional employee has been suspended and a temporary professional employee has been retained.

Section 1101(3) of the Code, 24 P.S. §11-1101(3) defines a temporary professional employee as "any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal." Temporary professional employees do not have the seniority rights of tenured professional employees under Sections 1124 and 1125 of the Code, *Phillippi v. School District of Springfield Township,* 28 Pa. Commonwealth Ct. 185, 367 A.2d 1133 (1977), and temporary professional employees must be suspended before tenured professional employees. *Tressler v. Upper Dublin School District,* 30 Pa. Commonwealth Ct. 171, 373 A.2d 755 (1977).

The school district contends that the realignment proposed by Mrs. Finnegan was impractical and that the trial court was without authority to substitute its judgment for that of the school board in this regard. It cites *Phillippi v. School District of Springfield Township* and *Platko v. Laurel Highlands School District,* 49 Pa. Commonwealth Ct. 210, 410 A.2d 960 (1980), for the proposition that a school board does not have to realign its staff where such realignment is not practical.

I find no support in the record for the assertion that the realignment proposed here was impractical. Indeed, the Board made no findings of fact regarding the practicality of the proposal, other than noting in

discussion that the elementary school teacher who was certified as principal lacked supervisory experience. The school board did not explain how a working elementary school teacher certified to be a principal may acquire supervisory experience without being appointed as a principal. More important, it concedes in its brief that the teacher proposed as principal was qualified as well as certified to be an elementary school principal.

The school district next contends that there is a fundamental distinction between principals and teachers and that principals should not be considered in the realignment and suspension process along with other professional employees. It further asserts that including principals in the realignment process would be in derogation of a school district's right to choose its administrators. I disagree.

As noted, Sections 1124 and 1125 of the Code, 24 P.S. §§11-1124 and 1125, provide that when professional employees must be suspended, the school board shall suspend those with the least seniority. The Code at Section 1101(1), 24 P.S. §§11-1101(1) defines professional employees as:

> those who are certified as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

Since both principals and teachers are professional employees and since the circumstances of this case are such that all positions remaining to be filled after the suspensions could be filled by qualified tenured professional employees, the school board improperly sus-

pended a tenured professional employee and retained a temporary employee.

The school district also erects an argument on the fact that school principals have been held to be management employees without right to bargain collectively with their employers pursuant to the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 363, *as amended*, 43 P.S. §§1101.101-1101.3201. Its thesis is that since under PERA principals are management level employees, they should not be placed in the same company with teachers in the realignment and suspension process. The purpose of the Public School Code and PERA are vastly different. The Public School Code is in discharge of the State's obligation to provide an efficient system of public education; PERA's purpose is to regulate the relationship between government and its organized employees. The Board's syllogism contains a non sequitur. There is no reason in logic (or the administration of the public service) why principals and teachers should not be placed in the class of employees under the Code, but by PERA given different means of negotiating the terms of their employment with their employers.

The school district finally contends that even if it had realigned its professionals as Mrs. Finnegan proposed, only one teaching position in the elementary school would have been preserved and that would have been filled by the other suspended elementary school teacher whose weighted score was higher than Mrs. Finnegan's. The other teacher, however, did not appeal her suspension, so that the choice for suspension was only between Mrs. Finnegan, a tenured professional employee and the incumbent principal, a temporary employee.

I would affirm the order of the Court of Common Pleas of Dauphin County.

Judge CRAIG joins in this dissent.

76

DISSENTING OPINION BY JUDGE CRAIG:

This court should not uphold the suspension of a tenured professional employee elementary teacher, in order to retain an untenured temporary professional employee elementary principal. The majority opinion rightly characterizes the former section 1125 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* formerly 24 P.S. §11-1125, as mandating school boards to retain professional employees on the basis of seniority where rating differences do not govern.

Moreover, footnote 2 of the majority opinion well summarizes the subordinate status of untenured employees, as follows:

Temporary professional employees are not entitled to the seniority benefits of tenured professional employees under the Code. Phillippi v. School District of Springfield Township, 28 Pa. Commonwealth Ct. 185, 367 A.2d 1133 (1977). Temporary professional employees do not have the right to be compared with professional employees on the basis of efficiency ratings nor for that matter among themselves. Tressler v. Upper Dublin School District, 30 Pa. Commonwealth Ct. 171, 373 A.2d 755 (1977).

Thus, because temporary professional employees do not have the right to be compared with professional employees on the basis of efficiency ratings, tenured status has precedence over untenured status. Regardless of efficiency ratings, when a school's professional staff must be reduced, an untenured professional is not entitled to remain when a tenured professional cannot.

A judicial approach which places the untenured employee in an administrative class, distinct from the teaching class of employees, serves only to insulate the untenured administrator from the legal status pre-

scribed by law where tenure is absent. The School Code gives no warrant for thus negating the concept of tenure.

Judicial classification of administrative employees as a group apart would permit school boards to evade the principle of tenure, established by statute, by the simple expedient of appointing untenured persons to administrative positions.

There is here no need to reverse the trial court's decision entirely. The trial court's order, in going beyond the reinstatement of the tenured teacher, erred in unnecessarily designating a specific replacement for the untenured principal. Certainly the judiciary need not (and should not) dictate which third party teacher is to replace the untenured principal. More properly, this court should modify the trial court decision by affirming the order to suspend the untenured employee and reinstate the tenured petitioner, but should leave the replacement of the elementary principal to the discretion of the school board.

I also join Judge ROGERS' dissenting opinion.

Judge ROGERS joins this dissent.