529 A.2d 48

Rochester Area School Board, Appellant *v.* James Duncan, Appellee.

Argued May 21, 1987, before Judges DOYLE and PAL-LADINO, and Senior Judge BLATT, sitting as a panel of three.

*Stephen S. Russell,* for appellant, Pennsylvania School Boards Association.

*Lynne L. Wilson,* with her, *William J. Maikovich,* for appellee.

OPINION BY JUDGE DOYLE, July 31, 1987:

This is an appeal by the Rochester Area School Board (Board) from an order of the Court of Common Pleas of Beaver County, which reversed the Board's determination to suspend James Duncan because of declining pupil enrollment.

The basic facts do not appear to be in dispute. The Board determined that because of declining pupil enrollment, a suspension of certain professional employees was warranted. *See* Section 1124 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1124. This determination was unchallenged by Duncan. In determining which individuals are to be suspended under Section 1124, Section 1125.1(a) of the Code[1] provides pertinently, "[p]ro-

---

[1] Section 1125.1 was added by Section 3 of the Act of November 20, 1979, P.L. 465.

fessional employes shall be suspended . . . in inverse order of seniority within the school entity of current employment."

It is undisputed that Duncan is certified only to teach science. It is also undisputed that Kenneth Boffo, another science teacher who had fewer years of teaching in the school district than did Duncan, but who had served in the military for twenty-three months, was retained while Duncan was not. The reason for Boffo's retention was that the Board, pursuant to Section 7107 of what is commonly known as the Veterans' Preference Act, 51 Pa. C. S. §7107, credited Boffo with his time spent in the military service for purposes of computing his seniority. It is also undisputed that the Board employed at the relevant time the following individuals: a) Douglas, who was serving as a secondary school principal, but who was also certified to teach both science and physical education and whose bump into science displaced Duncan; b) Cascio, who was teaching science, but who was also certified in physical education; and c) Katich, who was teaching science, but who was also certified to teach home economics and English. All three of these individuals have more seniority within the school district than Duncan.

The Board determined that based upon Section 1125.1 of the Code, Duncan was the proper individual to suspend. In so doing, it regarded Boffo as senior to Duncan because of Boffo's military service. Further, it rejected the notion that one of the other science teachers with more seniority than Duncan, but who possessed multiple certifications (which Duncan did not) should be transferred to a non-science position, thus forcing the furlough of another employee who was not certified in science but who had less school district-wide seniority than Duncan. Moreover, the Board, for

purposes of computing seniority, utilized each employee's date of hire, not his or her first day of work.

After the Board upheld Duncan's suspension, he then appealed to the common pleas court, which determined (1) that the Veterans' Preference Act credit was not properly applicable to Section 1125.1 of the Code, and (2) that the Board was obligated to consider realigning teachers with multiple certifications so as to retain Duncan and that it had not established compelling reasons for not so doing. The trial court did not reach the question of whether utilizing date of hire to compute seniority was proper; instead, it reversed on the above-stated grounds. Appeal by the Board to this Court ensued.

On appeal here the Board presents three issues for our review. First, we must determine whether Section 7107 of the Veterans' Preference Act is applicable to Section 1125.1 of the Code. Although, at the time of the trial court's decision there was no appellate court determination on this matter, one month subsequent to its determination this Court decided *Northeastern Educational Intermediate Unit No. 19 v. Stephens (NEIU),* 98 Pa. Commonwealth Ct. 127, 510 A.2d 1267 (1986), wherein we held that Section 7107 of the Veterans' Preference Act is properly applied to Section 1125.1 of the Code for purposes of computing seniority and that such application is constitutional. *See also James v. Big Beaver Falls Area School District,* 98 Pa. Commonwealth Ct. 319, 511 A.2d 900 (1986). At oral argument, counsel for Duncan conceded that *NEIU* controls the resolution of the Veterans' Preference Act issue in this case as well. Thus, we are constrained to reverse the trial court on this basis.

In a related argument, Duncan maintains that by adding Boffo's military time to his date of hiring and coming up with a hiring date of two years prior to

Boffo's actual hiring date, the Board has created an "effective date of hire" and in so doing has acted arbitrarily. We cannot agree. We find nothing arbitrary in the Board's having added the military service onto the front end of Boffo's hiring date so as to credit him with his military time. Duncan contends, however, that the use of the hiring date rather than the first day of work for purposes of computing seniority is, itself, arbitrary. Again, we disagree. The precise question of whether date of hire can be used to break a tie for purposes of seniority was considered and answered in the affirmative in *Platko v. Laurel Highlands School District*, 49 Pa. Commonwealth Ct. 210, 410 A.2d 960 (1980). Although *Platko* involved a situation where employees were *tied* in seniority, we see no reason why it must be limited to that situation. Indeed, as long as the evidence shows that the date of hire was used as the starting point for all employees, we deem this method to be fair, and it is not rendered arbitrary by the addition of military credit to the front end of Boffo's hiring date. Further, considering that many teachers would have the same actual starting date, use of the date of hire might better serve to establish seniority.

The Board's final argument is that the trial court erred in requiring the realignment of teachers with multiple certifications so as to retain Duncan. We agree. We said in *James* that in instances such as this where the complaining teacher seeks to displace other teachers on the basis of the others' certifications in areas not shared by the complaining teacher, the Section 1125.1 provision of mandatory realignment based on "blind adherence to seniority only is not required." *James*, 98 Pa. Commonwealth Ct. at 324, 511 A.2d at 903. The rationale for this statement emanates from Section 1125.1(c) of the Code, which provides, "a school entity shall realign its professional staff so as to insure

that more senior employes are provided with the opportunity to fill positions *for which they are certified* and which are being filled by less senior employes." Relying upon this language and our holding in *James,* it is clear that Duncan possesses no right to compel the transfer of Douglas, Cascio or Katich, based upon their certifications, which were not shared by Duncan. Accordingly, we hold that the trial court erred in requiring the Board to consider realignment of staff across certification lines.[2]

Based upon the foregoing discussion, the order of the Court of Common Pleas of Beaver County is reversed.

## ORDER

Now, July 31, 1987, the order of the Court of Common Pleas of Beaver County, No. 1836 of 1985 dated May 20, 1986, is hereby reversed.

---

[2] Appellee cites *East Allegheny School District v. Janero,* 78 Pa. Commonwealth Ct. 462, 467 A.2d 665 (1983) *aff'g on the opinion of the trial court,* 27 Pa. D. & C. 3rd 260 (1982) for the proposition that unless realignment is educationally unsound, the Board *must* realign. *Janero* does so indicate, but on very limited facts involving a realignment of only one employee for forty-one days and upon a practicality determination made by the trial court with the benefit of hindsight. We have previously indicated that *Janero* is to be limited to its facts, *see Greater Johnstown Area Vocational-Technical School v. Greater Johnstown Area Vocational-Technical Education Association,* 104 Pa. Commonwealth Ct. 191, 198 n. 3, 521 A.2d 965, 968 n. 3 (1987) and that the general proposition enunciated in *James* and *Godfrey v. Penns Valley Area School District,* 68 Pa. Commonwealth Ct. 166, 449 A.2d 765 (1982) *aff'g on the opinion of the trial court,* 22 Pa. D. & C. 3rd 466 (1981), which proposition does not compel realignment in cases such as this one, is the law to be broadly applied.